IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL T. CHAPPELL, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:10-cv-1026-MHT |
| ) | |
| CHASE BANK/HOME FINANCE ) | |
| LLC, *et al.*, ) | |
| ) | |
|    Defendants. ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 3, filed December 7, 2010). For good cause, the Magistrate Judge recommends that this case be dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

**I. INTRODUCTION**

The Plaintiff, a prison inmate proceeding *pro se*, filed this action on December 2, 2010 alleging that the Defendants violated his constitutional rights when they illegally seized funds in his bank account and wrongfully instituted foreclosure on his home. The Plaintiff names as Defendants Chase Bank and Jay Hueling (presumably an employee of

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Chase Bank); Regions Bank and Charles Stewart (presumably an employee of Regions Bank); and Compass Bank. He seeks monetary and injunctive relief against these defendants. *See* Doc. 1, Complaint.

This Court previously granted Plaintiff's application to proceed *in forma pauperis*. (Doc. 17). *In forma pauperis* proceedings are governed by 28 U.S.C. § 1915 which requires this court to conduct a preliminary review of the complaint to ensure the action is not "frivolous or malicious," "fails to state a claim on which relief can be granted," or "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B).

## II. Discussion and Analysis

Initially, the Court must address whether it has subject matter jurisdiction over Chappell's claims. *See Mitchell v. Brown & Williamson Tobacco Corp.* 294 F.3d 1309, 1314 (11th Cir. 2002) (The court has an "independent obligation" to determine whether it has jurisdiction.) (citations omitted). As Plaintiff proceeds *pro se*, the court will liberally construe the allegations of his complaint. *See Alba v. Montford,* 517 F.3d 1249, 1252 (11th Cir. 2008). As Plaintiff does not specifically identify jurisdiction, the Court looks to whether there is federal question jurisdiction or diversity jurisdiction.

First, the Court considers whether it has federal question jurisdiction over this action. Plaintiff's Complaint is contained in a form document provided by the court. Since the form complaint alleges "constitutional" violations, the Court must determine

whether the claims arise under the laws or Constitution of the United States, such that the Court will have federal question jurisdiction over this case.  Other than just making the general allegation of a "constitutional" violation, the Plaintiff has not alleged that the Defendants have violated his rights under any identifiable law of the United States.  Rather, the Complaint alleges that Defendants have violated his constitutional rights by wrongfully seizing funds in his bank account and wrongfully instituting foreclosure on his home. *See* Doc. 1 at p. 3-5.  Thus, the claim would most likely be characterized as one alleging a violation of the Fourteenth Amendment brought pursuant to 42 U.S.C. § 1983.  Section 1983 provides a remedy when a person acting under color of law deprives a plaintiff of a right, privilege, or immunity security by the Constitution, laws, or treaties of the United States.  *See* 42 U.S.C. § 1983.[2]

The Due Process Clause of the Fourteenth Amendment prohibits a ***state*** from depriving a person of "life, liberty, or property, without due process of law."  U.S. CONST. AMEND. XIV § 1 (emphasis added).  Additionally, claims brought under 42 U.S.C. § 1983 for violations of Fourteenth Amendment rights, must be asserted against

---

[2] Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

*state* actors. *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S.40, 50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999) (emphasis added). Plaintiff has sued only private companies and private individuals for the alleged wrongful seizure of his money and his home. The law is clear that "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Focus on the Family v. Pinellas Suncoast Transit Authority*, 344 F.3d 1263, 1277 (11th Cir. 2003); *see also Martinez v. Ashtin Leasing, Inc.*, 2011 WL 873302, *1(11th Cir. 2011) (unpublished) (quoting *Pinellas*). As there are no allegations of state action, there is no viable claim under § 1983. As there are no other federal statutes referenced, the court concludes that it lacks federal question jurisdiction over this matter.

Next, the Court considers whether it has diversity jurisdiction over this action. A district court has subject matter diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different states." *Mitchell*, 294 F.3d at 1314 (citing 28 U.S.C. § 1332(a)). In order for diversity to exist, the plaintiff's citizenship must be different from that of each of the defendants, such that there is "complete diversity." *Peterson v. Ramirez,* 2011 WL 2161911 (11th Cir. June 2, 2011) (citing *Legg v. Wyeth,* 428 F.3d 1317, 1320 n.2 (11th Cir. 2005).

It is clear from Plaintiff's Complaint that the matter in controversy exceeds $75,000.00, because Plaintiff alleges that the defendants wrongfully seized a total of a

million and a half dollars from him or his business.  *See* Doc. 1 at p. 3-4.  However, based upon Plaintiff's express allegations contained in his Complaint, complete diversity does not exist in this case.  Indeed, Plaintiff sues Charles Stewart of Regions Bank and provides a Montgomery, Alabama address for that Defendant.  Furthermore,  Plaintiff is a citizen of Alabama.[3]  As there is not complete diversity of the parties' citizenship, the court concludes that there is no subject matter jurisdiction.

As the Court concludes it does not have subject matter jurisdiction over Plaintiff's action, the complaint fails to state a claim upon which relief maybe granted, and therefore, is due dismissal prior to service of process under 28 U.S.C § 1915 (e)(2)(B).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B).

It is further ORDERED that the Plaintiff file any objections to the this Recommendation on or before **September 19, 2011**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and,

---

[3]    The Court takes judicial notice of Plaintiff's citizenship as he was the subject of a 2008 indictment in the Middle District of Alabama.  *See U.S. v. Chappell*, Crim. Act. No, 2:08-cr-127-WKW.

therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 2nd day of September, 2011.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE