IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL T. CHAPPELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:10-cv-1026-MHT |
| | ) |
| CHASE BANK/HOME FINANCE | ) |
| LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I. INTRODUCTION

The Plaintiff, a prison inmate proceeding *pro se*, filed this action on December 2, 2010 alleging that the Defendants violated his rights when they illegally seized funds in his bank account and wrongfully instituted foreclosure on his home. Plaintiff sues JPMorgan Chase Bank National Association, ("Chase"); Jay Hueling[1], ostensibly an employee of Chase; Regions Bank, ("Regions"); Charles Stewart[2], ostensibly an employee of Regions, and Compass Bank. ("Compass"). He seeks monetary and injunctive relief against these defendants. *See* Doc. 1, Complaint.

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United

---

[1] Chase has filed a Motion to Quash Service on Jay Hueling (Doc. 60). The court will deal with this motion by separate order.

[2] Regions states that it has been unable to identify Charles Stewart as a Regions' employee. (Doc. 62). Additionally, Regions filed a Motion to Quash Purported Service on Charles Stewart (Doc. 63). The court will deal with this motion by separate order.

States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 3).  On September 2, 2011, the  the Magistrate Judge recommended that this case be dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B).[3] (Doc. 41).  Following a motion by Plaintiff to file objections belatedly to the Recommendation of the Magistrate Judge, the court vacated the Order adopting the Recommendation and the Final Order entered in this case and allowed Plaintiff to file his objections.  (Doc. 45).  Thereafter, based on the Plaintiff's objections, the court vacated the Report and Recommendation of the Magistrate Judge filed September 2, 2011.  (Doc 51).  The court further directed that each party file evidence of his or her citizenship and suspended time for answer until such was filed.  (Doc 52).

Pursuant to the Order of this court, the properly served parties have filed evidence of their citizenship.  (Doc. 52).  Chase represents that it is a citizen of the State of Ohio.  (Doc. 59).  Compass represents that it is a citizen of the State of Alabama.  (Doc. 56).  Regions represents that it is a citizen of the State of Alabama.  (Doc. 61).   In his Objections to the Magistrate Judge's Recommendation, Plaintiff states "[i]f Regions and Compass Bank should be dropped from the lawsuit to complete diversity then the Plaintiff makes that motion."  (Doc. 50 at p. 3).  The Court construes this statement in Plaintiff's

---

[3] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Objections as a Motion to Dismiss Compass and Regions as parties to this lawsuit.[4] Chase filed an Answer to the Complaint denying the allegations in the Complaint and raising six affirmative defenses. (Doc. 66). Both Defendant Regions and Compass filed Motions to Dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) on the basis there is no federal question and not complete diversity among the parties. (Doc. 57, 62). Accordingly, the court will address the mutual motions to dismiss of both Plaintiff and Compass and Regions.

## II. DISCUSSION AND ANALYSIS

The question before this Court is whether it has diversity jurisdiction over this action. A district court has subject matter diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different states." *Mitchell*, 294 F.3d at 1314 (citing 28 U.S.C. § 1332(a)). In order for diversity to exist, the plaintiff's citizenship must be different from that of each of the defendants, such that there is "complete diversity." *Peterson v. Ramirez,* 2011 WL 2161911 (11th Cir. June 2, 2011) (citing *Legg v.*

---

[4] On May 15, 2012, Plaintiff filed a pleading which is styled "Plaintiff's Motion for Summary Judgment of Defendant Compass Bank and Chase Bank" wherein he makes the unsubstantiated allegation that Compass Bank "is wholly owned by Banco Bibas Vizcaya Argentaria, S.A. (BBVA, S.A.), a bank organized under the laws of Spain." He argues that "[t]his proves 'complete diversity'" and moves the Court for Summary Judgment against Defendants "in the amount of 2 million dollars against Chase Bank and 700,000.00 dollars against Compass Bank."(Doc. 65). The Court does not see this allegation as relevant to the diversity inquiry.

*Wyeth,* 428 F.3d 1317, 1320 n.2 (11th Cir. 2005).

It is clear from Plaintiff's Complaint that the matter in controversy exceeds $75,000.00, because Plaintiff alleges that the defendants wrongfully seized a total of a million and a half dollars from him or his business. *See* Doc. 1 at p. 3-4. However, based upon Plaintiff's express allegations contained in his Complaint and in his Objections to the Magistrate Judge's Recommendation (Doc. 50) and the evidence filed by Defendants of their corporate citizenship, (Doc. 56, 59, 61) the court concludes complete diversity does not exist in this case as currently plead.

Indeed, Plaintiff is a citizen of Alabama.[5] Plaintiff sues JPMorgan Chase Bank National Association, ("Chase"); Jay Hueling, ostensibly an employee of Chase; Regions Bank, ("Regions"); Charles Stewart, ostensibly an employee of Regions, and Compass Bank,("Compass"). Compass filed a Notice of Citizenship wherein Compass stated that it is an Alabama domestic corporation with its principle place of business in Jefferson County, Alabama. (Doc. 56). Likewise, Regions filed a notice of citizenship wherein Regions states that it is an Alabama domestic corporation with its principle place of business in Jefferson County, Alabama. (Doc. 61)  Chase filed a notice of citizenship wherein Chase states it is an Ohio corporation. (Doc. 59).

---

[5]The Court takes judicial notice of Plaintiff's citizenship as he was the subject of a 2008 indictment in the Middle District of Alabama. *See U.S. v. Chappell*, Crim. Act. No, 2:08-cr-127-WKW.

Accordingly, because Plaintiff shares the same citizenship with both Regions and Compass, there is not complete diversity of parties which is necessary to invoke this court's diversity jurisdiction.  *Peterson, supra,*  (Citations omitted).

Plaintiff, however, moves in his objections to the Magistrate Judge's Recommendation to have Regions and Compass dismissed from the lawsuit in order to "complete diversity."  (Doc. 50 p. 3).  Additionally, Compass filed a motion to dismiss for lack of subject matter jurisdiction pursuant to 12(b)(1) on the basis that there is not complete diversity among the parties.  (Doc. 57).  Regions also filed a motion to dismiss on the same basis.  (Doc. 62).  Thus, on the basis of the mutual motions to dismiss, the court concludes that Compass and Regions are due to be dismissed from this action.  Accordingly, the court concludes that it has diversity jurisdiction over this action, since Plaintiff is a citizen of Alabama and Chase is a citizen of Ohio.  (Doc. 59).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's Motion to Dismiss Compass and Regions as parties to this action (Doc. 50 p.3) and Compass' Motion to Dismiss (Doc 57) and Regions' Motion to Dismiss (Doc. 62) are due to be GRANTED and that Compass and Regions be DISMISSED with prejudice as parties to this action

It is further ORDERED that the Plaintiff file any objections to the this Recommendation on or before **June 11, 2012.**  Any objections filed must specifically identify

the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 25th day of May, 2012.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE