IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL T. CHAPPELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:10-cv-1026-MHT |
| ) | |
| CHASE BANK/HOME FINANCE ) | |
| LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I. INTRODUCTION

The Plaintiff, a prison inmate proceeding *pro se*, filed this action on December 2, 2010 alleging that the Defendants violated his rights when they illegally seized funds in his bank account and wrongfully instituted foreclosure on his home. In the complaint, Plaintiff named as defendants JPMorgan Chase Bank National Association, ("Chase"); Jay Hueling, ostensibly an employee of Chase[1]; Regions Bank, ("Regions"); Charles Stewart, ostensibly an employee of Regions[2]; and Compass Bank. ("Compass"). He seeks monetary and injunctive relief against these defendants. *See* Doc. 1, Complaint.

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings

---

[1] The Court granted Chase's Motion to Quash service on Jay Hueling and directed the Clerk to resend the complaint and summons to a different address. (Doc. 68). Hueling has filed an answer in this action. (Doc. 76).

[2] The court granted Regions' Motion to Quash service on Charles Stewart. (Doc. 67)

of fact and conclusions of law (Doc. 3). Plaintiff moved for and was granted leave to proceed *in forma pauperis* by the court. (Doc. 2 and 17). 28 U.S.C. § 1915 governs cases where a party proceeds *in forma pauperis*. On September 2, 2011, the Magistrate Judge recommended dismissal prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B).[3] (Doc. 41). After a late motion by Plaintiff to file objections to the Recommendation of the Magistrate Judge, the court vacated the Order adopting the Recommendation and the Final Order entered in this case and allowed Plaintiff to file objections. (Doc. 45). After review of Plaintiff's objections, the court vacated the Report and Recommendation of the Magistrate Judge filed September 2, 2011. (Doc. 51). The court further directed that each party file evidence of his or her citizenship and suspended time for answer until such was filed. (Doc. 52).

On the basis of the parties' evidence of citizenship, and the Plaintiff's and Compass' and Regions' motions to dismiss, the Magistrate Judge issued a Report and Recommendation on May 25, 2012 (Doc. 69), recommending that the motions to dismiss be granted and that Compass and Regions be dismissed as parties to this action. Subsequently, the District Judge adopted the Report and Recommendation of the Magistrate Judge and dismissed Compass and Regions with prejudice as parties to this action. (Doc. 78). Thus, Chase and Hueling remain as the sole defendants in this action.

---

[3] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## II. Discussion and Analysis

Chase and Hueling in their Answers to the Complaint, deny the allegations in the Complaint and raise six affirmative defenses. (Docs. 66 and 76). In their answers, both Chase and Hueling claim as affirmative defenses res judicata and collateral estoppel arising from Chappell's state court action, *Michael T. Chappell v. Chase Bank/Home Finance LLC*, Case No. CV - 2010-001327, in the Circuit Court of Montgomery County, Alabama. Summary Judgment was entered in that case against Plaintiff on January 19, 2012, and the case is currently on appeal.[4]

Pursuant to 28 U.S.C. § 1915(e)(2)(B) this court "shall" dismiss a case "at anytime" if the court concludes that the action "fails to state a claim on which relief maybe granted." Chase and Hueling argue that plaintiff's complaint fails to state a claim upon which relief maybe granted because his claims are barred by res judicata as the claims at bar are identical to those raised in and dismissed by the Circuit Court of Montgomery County, Alabama. (Docs. 66 and 76).

"Our res judicata analysis has always required a consideration of the facts and legal theories of two causes of action as well as the rights and duties involved in each case." *Draper v. Atlanta Indep. Sch. Sys.,* 377 Fed. Appx. 937, 940 (11th Cir. 2010)

---

[4] Originally, Chappell filed this action in small claims court, *see* 03-SM- 2010-1328 and appealed the case to Circuit Court in October 2010. In the complaint, Chappell alleges that Chase owes him the sum of $1490.00 and that "I have 79 cases of this action that Chase stole from me". The Court interprets that to mean that Chappell alleges Chase has stolen a large sum of money from him.

*certiorari denied*, 131 S.Ct. 342, 178 L.Ed. 2d 223, 79 USLW 3205 (Oct. 4, 2010) *citing Manning v. City of Auburn*, 953 F.2d 1355, 1359 (11th Cir. 1992). "We have consistently concluded that when the substance and facts of each action are the same, res judicata bars the second suit." *Id*. In *I.A. Durbin, Inc. v. Jefferson National Bank*, 793 F.2d 1541 (11th Cir. 1986), the Court summarized the doctrine of res judicata as follows:

> Res judicata or claim preclusion refers to the preclusive effect of a judgment in foreclosing relitigation of matters that were litigated or could have been litigated in an earlier suit. . . . In order for the doctrine of res judicata to bar a subsequent suit, four elements must be present: (1) there must be a final judgment on the merits; (2) the decision must be rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, must be identical in both suits; and (4) the same cause of action must be involved in both cases.

*I.A. Durbin*, 793 F.2d at 1549 (citations omitted). It is to these elements the court now turns.

**(1)** **A Final Judgment**. In June 2010, Chappell filed suit against Chase Bank/Home Finance LLC in the Small Claims Court of Montgomery County, Alabama. *See Case Action Summary,* in the case of, *Michael T. Chappell v. Chase Bank/Home Finance LLC*, Case No. CV - 2010-001327, in the Circuit Court of Montgomery County, Alabama. In that case, Chappell sued Chase alleging that Chase "stole" a sum of money from him. *See Id*., Compl., doc. 1 at 1. On September 14, 2011, Chase filed a motion for summary judgment in state court because Chappell defaulted on his mortgage on 18 Creek Drive Montgomery AL 36117, ("the Property"), a property on which Chase held the note. Indeed, Chase averred Chappell had been in default under the terms of the

Note and Mortgage since April 11, 2010.  Further, Chase averred that as a result of the state court filing, Chase cancelled a previously scheduled foreclosure sale and as of the date of the filing of the Motion for Summary Judgment, the Property had not been foreclosed.  *See* MSJ at p. 3.  Chase moved for Summary Judgment on the basis that "Plaintiff materially breached and defaulted on the provisions of the Mortgage and Plaintiff has presented no evidence to the contrary."  Chase further asked the state court to grant the motion for summary judgment and enter judgment in favor of Chase and against Chappell and to dismiss all Chappell's claims against Chase with prejudice.  Chase further asked to be allowed to proceed with the foreclosure of the Property."  *See* MSJ at p. 7.  The Judge's hand written notation on the Defendant's Motion for Summary Judgment reads "1/18/12 Review of All Pleadings. Motion Granted. Dismissed."  *See* MSJ at p. 1

The court now turns to whether the state court's decision on the defendant's motion for summary judgment was a decision on the merits.

> "A judgment is on the merits when it amounts to a decision as to the respective rights and liabilities of the parties, based on the ultimate fact or state of the parties disclosed by the pleadings or evidence, or both, and on which the right of recovery depends, irrespective of formal, technical, or dilatory objections or contentions.  Key factors in determining whether a judgment may be considered as on the merits are that there have been notice and an opportunity to be heard . . .
>
> "It is not necessary, however, that there should have been a trial.  If the judgment is general, and not based on any technical defect or objection, and the parties had a full legal opportunity to be heard on their respective claims and contentions, it is on the merits, *although there was no actual hearing on*

*the facts of the case.*"

*Mars Hill Baptist Church of Anniston, Ala., Inc. v. Mars Hill Missionary Baptist Church*, 761 So.2d 975 (Ala. 2000).  *See also Bd. of Tr. of the Univ. of Ala. v. Am. Res. Ins. Co., Inc.*, 5 So.3d 521, 533 (Ala. 2008) (same);  *A.B.C. Truck Lines v. Kenemer,* 247 Ala. 543, 546, 25 So.2d 511, 513 (Ala.1946) (same).  The court reviewed all the pleadings, including evidence contained therein, and then granted the defendant's motion.  Thus, it is clear that the court's dismissal of the plaintiff's case was a final judgment on the merits.

    **2.  Court of Competent Jurisdiction**.   The Circuit Court of Montgomery County, Alabama is a court of competent jurisdiction.  Pursuant to ALA. CODE 1975 § 12-11-30(1), circuit courts in Alabama "shall have exclusive original jurisdiction of all civil actions in which the matter in controversy *exceeds* ten thousand dollars ($10,000), exclusive of interest and costs, and shall exercise original jurisdiction concurrent with the district court in all civil actions in which the matter in controversy exceeds three thousand dollars ($3,000), exclusive of interest and costs." *Id.* (emphasis added).  In his complaint filed in the Small Claims Court of Montgomery County, Alabama, Chappell alleged Chase "stole" $1490.00 from him and also alleged "I have 79 cases of this action that Chase stole from me."  Chappell filed his complaint in the Small Claims Court of Montgomery County and then on October 20, 2010 appealed the action to the Circuit Court of Montgomery County.  *See* Compl. at p. 1 and *Case Action Summary.* Consequently, both the district and the circuit courts had jurisdiction over his claims and,

thus, were courts of competent jurisdiction.

**(3)     Identical Parties**.  Parties are "identical" for purposes of res judicata when they are the same or in privity with one another.  *N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1561 (11th Cir. 1990).  The plaintiff named Chase as a defendant in both the state court action and this case.  Thus, the corporate defendant in the present lawsuit is the same as the defendant in the previous state court case.

In the instant case the plaintiff also names Jay Hueling an employee of Chase.  In *Thompson v. SouthTrust Bank*, 961 So.2d 876, 883 (Ala. Civ. App. 2007), the court, while noting that in Alabama the term "privity" had not been uniformly defined with respect to res judicata, observed that it was often deemed to arise from

> "(1) the relationship of one who is privy in blood, estate, or law; (2) the mutual or successive relationship to the same rights of property; [or] (3) an identity of interest in the subject matter of litigation."  Thus, the existence of privity has generally been resolved "on an ad hoc basis in which the circumstances determine whether a person should be bound by or entitled to the benefits of a judgment."

*Hughes v. Martin*, 533 So.2d 188, 191 (Ala.1988).

*Thompson* involved a lawsuit in which Thompson sued a bank and two of its employees asserting claims of negligence, wantonness and fraud relating to representations made by the bank concerning an anticipated load for the purchase of apartments.  Prior to the filing of the case against SouthTrust and two of its employees, Thompson had filed in 2002 a suit against only the bank, a suit which the court characterized as alleging the same primary wrong; Thompson lost that lawsuit, and for

that reason the two bank employees could "take advantage of the previous adjudication in favor of SouthTrust." *Thompson* 961 So.2d at 883.

*Thompson* thus stands for the proposition that an agent and the agent's employer are in privity with respect to actions in which they have "an identity of interest in the subject matter of the litigation." 533 So.2d at 191. It follows, therefore, Jay Hueling, an employee of Chase, is in privity with his employer and may take advantage of the previous adjudication in favor of Chase.

    **(4)**    **The Same Cause of Action.** In *Manning v. City of Auburn*, the Court summarized the law regarding when a cause of action is the same for purposes of res judicata as follows:

> In this circuit, the determination of whether the causes of action in two proceedings are the same is governed by whether the primary right and duty are the same. *Hunt,* 891 F.2d at 1561 (quoting *Kemp v. Birmingham News Co.,* 608 F.2d 1049, 1052 (5th Cir. 1979)); *I.A. Durbin, Inc. v. Jefferson Nat'l Bank,* 793 F.2d 1541, 1549 (11th Cir. 1986). The test is one of substance, not form. *I.A. Durbin,* 793 F.2d at 1549. Res judicata applies "not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same 'operative nucleus of fact.'" *Hunt,* 891 F.2d at 1561 (despite variations in legal theories used and remedies sought, second suit barred because wrongful act in both cases was flying Confederate flag atop state capitol) (quoting *Olmstead v. Amoco Oil Co.,* 725 F.2d 627, 632 (11th Cir. 1984)); *Jaffree v. Wallace,* 837 F.2d 1461, 1468 (11th Cir. 1988) (second suit barred because "[b]oth cases raised first amendment (free exercise and establishment clause) challenges to use of textbooks and teachings on various subjects"); *Nilsen v. City of Moss Point,* 701 F.2d 556, 560 (5th Cir. 1983) (section 1983 action against city that refused to hire plaintiff as firefighter due to her sex precluded by earlier Title VII action on same facts).

953 F.2d 1355, 1358-59 (11th Cir. 1992).

In the earlier case, Chappell sued Chase for stealing his money. Chase's Motion for Summary Judgment makes clear that these allegations arose from a foreclosure proceeding instituted upon Chappell's home. (*See* MSJ at p. 3). This motion was granted by the State Circuit Judge. In the instant action, Chappel; sues Chase for illegally seizing funds from his bank account and instituting foreclosure on his home. Thus, the issues in the prior litigation are identical to the issues raised in this lawsuit.

Moreover, "[r]es judicata acts as a bar 'not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact.'" *Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1356 (11th Cir. 1998).

> "Res judicata is a broad, judicially developed doctrine, which rests upon the ground that public policy, and the interest of the litigants alike, mandate that there be an end to litigation; that those who have contested an issue shall be bound by the ruling of the court; and that issues once tried shall be considered forever settled between those same parties and their privies. 46 Am.Jur.2d *Res Judicata* § 395 (1969). 'The principle of res judicata fosters reliance on judicial action, and tends to eliminate vexation and expense to the parties, wasted use of judicial machinery and the possibility of inconsistent results.' 'Developments in the Law-Res Judicata,' 65 Harv. L.Rev. 820 (1952)."

*Thompson v. SouthTrust Bank,* 961 So. 2d 876, 885 (Ala. Civ. App. 2007).

"*Res judicata* bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Driessen v. Fla.*, 401 Fed. Appx. 435 (11th Cir. 2010) quoting *Ragsdale v. Rubbermaid, Inc.,* 193 F.3d 1235, 1238 (11th Cir. 1999). The court therefore concludes that the plaintiff's claims against Chase and Hueling in the present action are

barred by the doctrine of res judicata and should be dismissed.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this action be dismissed with prejudice.

It is further ORDERED that the Plaintiff file any objections to the this Recommendation on or before **July 16, 2012.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 3rd day of July, 2012.

                                                          /s/ Terry F. Moorer
                                                          TERRY F. MOORER
                                                          UNITED STATES MAGISTRATE JUDGE